# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FLOYD WHITE,

        Plaintiff,

        v.

FLORA J. SUTALO,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No.: SN07J-12-602

---

FLOYD WHITE,

        Plaintiff,

        v.

ANTONIA ESTRADA,

        Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No.: SN07J-12-478

Submitted: July 12, 2017
Decided: August 25, 2017

**Upon Plaintiff's Motions for Reconsideration of Commissioner's Orders:
DENIED**

This 25th day of August, 2017, upon consideration of Floyd White's Motions for Reconsideration of Commissioner's Orders (the "Motions") and the applicable legal authorities, including Rule 132 of the Superior Court Rules of Civil Procedure ("Rule 132"), it appears to the Court that:

1. In 2012, the plaintiff, Floyd White, purchased various judgments, including one against Antonia Estrada and a second against Flora Sutalo. The judgments represented unpaid assessment fees originally owed to Burnbrae Maintenance Association ("Burnbrae"). Ms. Estrada and Ms. Sutalo each owned a Burnbrae condominium unit.

2. In 2013, Mr. White filed a motion to allow execution on the judgments. Thereafter, this Court entered an order requiring Burnbrae to provide Mr. White with an accounting of any funds or credits related to the judgments and to turn over to Mr. White any payments or credits Burnbrae received related to the judgments.[1] On July 11, 2016, this Court found Burnbrae in contempt and ordered it to (i) provide an accounting, (ii) turn over to Mr. White any payments or credits received related to the judgments no later than July 13, 2016, and (iii) provide a certification with the accounting that the records were accurate.[2]

3. On July 15, 2016, Mr. White filed a contempt motion, alleging Burnbrae withheld payments received from Ms. Estrada and Ms. Sutalo. The motion was assigned to a commissioner of this Court, who held an evidentiary hearing. Following the hearing, the parties supplemented the record. On May 23, 2017, the

---

[1] *White v. Estrada*, SN07J-12-478, at 2 (Del. Super. May 23, 2017) (ORDER) (hereinafter "Estrada Order"); *White v. Sutalo*, SN07J-12-602, at 2 (Del. Super. May 23, 2017) (ORDER) (hereinafter "Sutalo Order").

[2] Estrada Order at 2; Sutalo Order at 2.

Commissioner issued two non-dispositive orders under Rule 132 (collectively, the "Orders").[3]

4. The Commissioner found: (1) Burnbrae collected payments from Ms. Estrada and Ms. Sutalo under the terms of the judgments, which now were Mr. White's property; (2) Burnbrae failed to account properly for the payments; and (3) Burnbrae failed to remit the collected payments to Mr. White.[4] The Commissioner further found that the parties agreed Burnbrae collected $4,135.00 from Ms. Estrada and $7,901.28 from Ms. Sutalo and therefore Mr. White was entitled to those amounts.[5] The Commissioner also held Mr. White's conduct contributed to the "delay and confusion caused in this matter," he failed to present sufficient evidence that he properly notified Ms. Estrada or Ms. Sutalo of the purchase of the judgments, and he did not pursue collection of the judgments in a timely manner, electing instead to seek his remedies first from Burnbrae.[6] Accordingly, the Commissioner (i) found Burnbrae in contempt; (ii) awarded Mr. White $12,036.28,[7] plus $3,500.00[8] in sanctions and costs; (iii) awarded post-judgment interest accruing 30 days from the

---

[3] See Estrada Order; Sutalo Order.
[4] Estrada Order at 8; Sutalo Order at 11.
[5] Estrada Order at 5; Sutalo Order at 6-7.
[6] Estrada Order at 8-9; Sutalo Order at 11.
[7] $4,135.00 plus $7,901.28 equals $12,036.28.
[8] $1,000.00 plus $2,500.00 equals $3,500.00. The sanctions awarded by the Commissioner also took into consideration pre-judgment interest that may have accrued before judgment was entered. Estrada Order at 10 n.3; Sutalo Order at 13 n.9.

date of the Orders; and (iv) ordered the judgments against Ms. Estrada and Ms. Sutalo satisfied.[9]

5.      Mr. White timely filed two Motions objecting to the Orders.   Burnbrae opposed both Motions.[10] For the reasons explained below, Mr. White's Motions are denied.

6.      Mr. White makes three arguments in his objections to the Commissioner's Orders.  First, Mr. White contends the Orders omit two facts: (i) Mr. White purchased a fourth judgment, and (ii) a March 7, 2013 motion to allow execution was the motion that precipitated a March 22, 2013 order that the Commissioner referenced in each case.  Second, he maintains the Orders are contrary to law as (i) Mr. White was required to take a reduced amount in satisfaction of the judgments; (ii) the Orders failed to provide pre-judgment interest; (iii) the Orders failed to provide post-judgment interest from the date of the judgments; and (iv) he was faulted for not executing on the judgments in a timely manner.  Third, Mr. White argues the Commissioner abused her discretion because (i) now he cannot recover unpaid judgments from Ms. Sutalo, Ms. Estrada, or Burnbrae; (ii) he was required to enter immediate satisfaction of the judgments; (iii) the Orders fail to address the

---

[9] Estrada Order at 9-10; Sutalo Order at 12-13.
[10] Burnbrae's counsel, however, only addressed Mr. White's arguments relating to "erroneous entries" and "contrary decisions," disregarding all arguments as to "abuse of discretion."

4

post-judgment interest rate; and (iv) Burnbrae was not required to correct its erroneous accounting records.

7.     Upon review of a non-case dispositive matter, a commissioner's order is reconsidered by a judge "only where it has been shown on the record that the . . . order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."[11]  The moving party has the burden to show on the record where the order clearly is erroneous, contravenes the law, or is an abuse of discretion.[12]

8.     Mr. White has not identified any material, erroneous finding of fact. Both purportedly "erroneous entries" are in the Orders' "background of proceedings" sections.  Moreover, the facts to which Mr. White refers are irrelevant to the present issues and have no legal bearing on the Commissioner's decisions. Although Mr. White purchased several judgments, there were two judgments at issue at the time of the evidentiary hearing and those correctly were identified in the Orders.[13]  Similarly irrelevant is the fact that the Commissioner did not cite to an

---

[11] Super. Ct. Civ. R. 132(a)(3)(iv).

[12] *Cont'l Cas. Co. v. Borgwarner Inc.*, 2016 WL 3909467, at *2 (Del. Super. July 14, 2016), *aff'd sub nom. BorgWarner, Inc. v. First State Ins. Co.*, 2017 WL 2152480 (Del. May 17, 2017) (citations omitted).

[13] This was acknowledged at the evidentiary hearing: "Mr. White purchased several judgments, two of which are at issue today." *White v. Sutalo*, SN07J-12-478 and SN07J-12-602, at 20 (Del. Super. Dec. 22, 2016) (TRANSCRIPT).

underlying motion in the Orders. The March 7, 2013 motion is extraneous information, superfluous to the Orders' purpose.

9.     Mr. White also has failed to show that the Commissioner's determinations were contrary to law. According to Mr. White, the Orders require that he accept a reduced amount in satisfaction of unpaid judgments. Mr. White, however, does not explain how the Orders do so, especially because he expressly agreed to accept the amounts the Commissioner awarded.[14] Similarly flawed is Mr. White's argument that he was faulted for not initiating timely execution proceedings. Mr. White was not "faulted" for not executing on the judgments in a timely manner. Rather, the Commissioner simply held that Mr. White's failure to execute against the judgment debtors, Ms. Sutalo and Ms. Estrada, was a relevant factor to consider in determining whether those individuals could be liable to Mr. White for post-judgment interest and sanctions.[15] In addition, Mr. White argues he is entitled to pre-judgment interest. Assuming pre-judgment interest is obligatory, it was included in the award in the Orders.[16] Finally, Mr. White's contention that he is entitled to post-judgment interest without delay misunderstands the nature of the Orders. Burnbrae argues that its request to toll accrual of post-judgment interest was granted due to Mr. White's conduct in another case. Under the circumstances of this case

---

[14] See White Letter, Apr. 21, 2017, at 1.
[15] Estrada Order at 8-9; Sutalo Order at 11-12.
[16] See Estrada Order at 10 n.3; Sutalo Order at 13 n.9.

6

and related cases in which these parties were involved, the Commissioner gave Burnbrae 30 days in which to pay the judgments before interest would accrue. Granting a party a period in which to make a payment is not contrary to the law.

10. Finally, Mr. White has failed to establish that the Commissioner abused her discretion. Mr. White argues now, as he did to the Commissioner, that he is entitled to interest and costs from Ms. Sutalo and Ms. Estrada. The Commissioner, however, determined Ms. Sutalo and Ms. Estrada erroneously, but innocently, paid their debts to Burnbrae, who in turn wrongly withheld that money from Mr. White. Because she determined Mr. White and Burnbrae shared the blame for Mr. White not receiving payment, the Commissioner imposed sanctions (including interest and costs) against Burnbrae, not Ms. Estrada or Ms. Sutalo. Based on her findings that Mr. White failed to prove Ms. Estrada's and Ms. Sutalo's culpability in the dispute, the Commissioner did not abuse her discretion by not imposing sanctions or awarding interest against these parties.

11. Mr. White's contention that he cannot seek recovery if Burnbrae fails to pay the balance of the judgments mischaracterizes the Orders. The Orders merely limit recovery from Ms. Sutalo and Ms. Estrada, as the Commissioner determined they paid their debts in full to Burnbrae, due at least in part to Mr. White's failure to notify them that he purchased the judgments. The Orders do not, however, "strip"

Mr. White of any legal recourse if Burnbrae fails to pay the judgments fully.[17] The Orders constitute orders against Burnbrae, against whom Mr. White may pursue collection, if necessary.

12. Mr. White also argues the Orders failed to address the rate at which post-judgment interest is to be calculated. According to Mr. White, the judgment rates were 10% and the current legal rate is 5.75%. Burnbrae did not address this issue in its response. Although the Commissioner did not specify a particular rate, post-judgment interest at the legal rate is standard in Delaware and is appropriate in this case.

13. Lastly, Mr. White maintains that the Commissioner abused her discretion by allowing Burnbrae's "accounting mess to fester . . . leaving it dangling."[18] Mr. White asserts the Commissioner should have required that Burnbrae correct its erroneous accounting records. This Court, however, lacks jurisdiction to provide such equitable relief.[19] The Commissioner therefore did not abuse her discretion by failing to order Burnbrae to correct its records. Moreover, Mr. White does not explain how such relief is necessary given the posture of this case.

---

[17] Mot. Recons. Commissioner's Order 5.

[18] *Id.* at 6.

[19] *See Gen. Elec. Co. v. Star Techs.*, 1996 WL 377028, at *4 (Del. Ch. July 1, 1996) ("Since equity, rather than law, can provide the remedy of specific performance, the Court of Chancery, as opposed to the Superior Court, is the proper tribunal in which to bring an action to enforce an agreement to arbitrate.").

14. There being no showing on the record presented that the Commissioner made clearly erroneous fact findings, ruled in a manner contrary to law, or abused her discretion, the Orders are affirmed, and Floyd White's Motions for Reconsideration of Commissioner's Orders are **DENIED**. The Orders are **AMENDED** only to specify that post-judgment interest **SHALL** accrue at the legal rate. **IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Edward J. Fornias, III, Esquire (via First Class Mail)
       Tabatha L. Castro, Esquire (via First Class Mail)
       Ms. Flora J. Sutalo (via First Class Mail)
       Mr. Floyd White (via First Class Mail)